**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN AT DETROIT**

MARIA CONTRERAS ARTEAGA, ) A# 096-535-924

Plaintiff,

v.

KEVIN McALEENAN, SECRETARY OF UNITED STATES DEPARTMENT OF HOMELAND SECURITY; LEE FRANCIS CISSNA, ACTING DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; MICHAEL KLINGER, FIELD OFFICE DIRECTOR OF DETROIT SERVICE CENTER, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; U.S. DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

Defendants.

# PLAINTIFF'S COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT

*Dalia Rasha Kejbou, P.C.*

*Dalia R. Kejbou (P63428)*

*Attorney for Plaintiff*

*74 West Long Lake Road, Suite 203*

*Bloomfield Hills, MI 48304*

*248-646-1711*

# TABLE OF AUTHORITIES

## Cases

*First Federal Savings and Loan Association of Durham v. Baker, 860 F.2d 135, 138 (4th Cir. 1988)* ....... 6
*Jones v. Gonzales, Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007)* ....... 6
*Liberty Fund, Inc., 394 F. Supp. 2d at 114* ....... 10
*Liu v. Novak, 509 F. Supp. 2d 1, 5 (D.D.C. 2007)* ....... 5
*Liu, 509 F. Supp. 2d at 9-10* ....... 10
*Matter of Sealed Case, 151 F.3d 1059, 1063 (D.C. Cir. 1998)* ....... 6
*Nigmadzhanov v. Mueller, 550 F. Supp. 2d 540 (S.D.N.Y. 2008)* ....... 6
*Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 761 (D.C. Cir. 1997)* ....... 10
*Northern States Power, 128 F.3d at 760* ....... 10
*Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002)* ....... 9
*Shahid Khan v. Scharfen, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2009)* ....... 6
*Sierra Club v. Thomas, 828 F.3d 783, 794 (D.C. Cir. 1987)* ....... 9
*Sierra Club, 828 F.3d at 794* ....... 10
*Trudeau v. FTC, 456 F.3d 178, 185 (D.C. Cir. 2006)* ....... 5
*Wash. v. Cheney, 593 F. Supp. 2d 194, 219 (D.D.C. 2009)* ....... 9

## Statutes

*[8 U.S.C.] § 1252(a)(2)(B)(ii)* ....... 5
*"), 8 U.S.C. § 1252* ....... 5
§ 1159 ....... 10
*28 U.S.C. § 1331* ....... 5
*28 U.S.C. § 1361* ....... 4, 5
*28 U.S.C. § 1391(e)* ....... 7
28 U.S.C. § 2412(d)(2). ....... 11
*28 USC §§1331 and 1346(a)(2)* ....... 9
*28 USC §1361* ....... 9
*28 USC §1391(e)* ....... 9
*28 USC §2201* ....... 9
*5 U.S.C. § 555(b)* ....... 5
*5 U.S.C. § 706(1)* ....... 5
*5 U.S.C. §§ 555(b)* ....... 10
5 U.S.C. §§ 555(b) and 702 ....... 4
*5 USC §702* ....... 9
*8 C.F.R. § 245.2(a)(5)(i)* ....... 6
*8 C.F.R. § 245.6* ....... 6
*8 U.S.C. § 1103* ....... 6
*8 U.S.C. § 1329* ....... 4
INA § 209, 8 U.S.C. ....... 10

*INA § 242(a)(5)* ........ 5
*Liberty Fund, Inc. v. Chao, 394 F. Supp. 2d 105, 114 (D.D.C. 2005)* ........ 5

**Other Authorities**

Administrative Procedure Act (APA) ........ 5
Code of Federal Regulations ........ 6
Equal Access to Justice Act ("EAJA") ........ 11
Immigration and Nationality Act ("INA*")* ........ 5
*United States Code (U.S.C.)* ........ 4

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN AT DETROIT**

MARIA CONTRERAS ARTEAGA, ) A# 096-535-924

Plaintiff, )

v. )

KEVIN McALEENAN, SECRETARY OF UNITED STATES DEPARTMENT OF HOMELAND SECURITY; LEE FRANCIS CISSNA, ACTING DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; MICHAEL KLINGER, FIELD OFFICE DIRECTOR OF DETROIT SERVICE CENTER, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; U.S. DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, )

Defendants. )

# PLAINTIFF'S COMPLAINT FOR MANDAMUS

# AND

# DECLARATORY JUDGMENT

## INTRODUCTION

1. Plaintiff, Maria Contreras Arteaga (a citizen of Mexico), brings this mandamus action to compel defendants to complete the adjudication of her I-485, Application to Register Permanent Residence or Adjust Status, under INA section 245i which has been pending before USCIS since September 9, 2014. Attached and marked Exhibit "A" is a copy of the receipt notice bearing receipt number MSC-1491729505.

2. The Plaintiff is the recipient of an approved I-130 granting her a visa through her mother which was approved on February 9, 2000, bearing the receipt number WAC0009250312. Attached and marked Exhibit "B" is a copy of said receipt notice.

3. The Plaintiff's application remains within the jurisdiction of the Defendants, who have improperly withheld action on the application for an unreasonable period of time, to the detriment of the Plaintiff.

## II. JURISDICTION

4. This is a civil action brought pursuant to *28 U.S.C. § 1361* ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by *8 U.S.C. § 1329* (jurisdiction of the district courts) and *28 U.S.C. § 1331* (federal subject matter jurisdiction).

5. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. *5 U.S.C. § 555(b)* provides that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS is subject to *5 U.S.C. § 555(b)*. See *Trudeau v. FTC, 456 F.3d 178, 185 (D.C. Cir. 2006)* (finding that district

court has jurisdiction under the APA, in conjunction with *28 U.S.C. § 1331*, to review Plaintiff's complaint for declaratory and injunctive relief; *Liberty Fund, Inc. v. Chao, 394 F. Supp. 2d 105, 114 (D.D.C. 2005)* ("The Administrative Procedure Act requires an agency to act „within a reasonable time,‟ *5 U.S.C. § 555(b)*, and authorizes a reviewing court to „compel agency action … unreasonably delayed,‟ *5 U.S.C. § 706(1)*.").

6. Section 242 of the Immigration and Nationality Act ("INA*"), 8 U.S.C. § 1252*, does not deprive this Court of jurisdiction. *INA § 242(a)(5)* provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act." As the present action does not seek review of a removal order, but is simply an action to compel USCIS to adjudicate the Plaintiff's unreasonably delayed application, this Court retains original mandamus jurisdiction under *28 U.S.C. § 1361*. See *Liu v. Novak, 509 F. Supp. 2d 1, 5 (D.D.C. 2007)* ("There is … significant district court authority holding that *[8 U.S.C.] § 1252(a)(2)(B)(ii)* does not bar judicial review of the pace of application processing or the failure to take action.").

7. Numerous federal district courts have ruled that adjudication of a properly filed adjustment of status application, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. *Shahid Khan v. Scharfen, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2009)*; *Nigmadzhanov v. Mueller, 550 F. Supp. 2d 540 (S.D.N.Y. 2008)*; *Jones v. Gonzales, Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007)* ("No agency responsible for resolving matters of public interest should be

free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.”).

8. Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process. *8 U.S.C. § 1103* provides that “the Secretary of Homeland Security shall be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]” (Emphasis added). The Code of Federal Regulations provides that “[e]ach applicant for adjustment of status . . . shall be interviewed by an immigration officer.” *8 C.F.R. § 245.6*. The regulations further provide that “the applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial.” *8 C.F.R. § 245.2(a)(5)(i)*. The language of the statute and the above cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the applications for adjustment of status pending before them. *See Matter of Sealed Case, 151 F.3d 1059, 1063 (D.C. Cir. 1998)*; *see also First Federal Savings and Loan Association of Durham v. Baker, 860 F.2d 135, 138 (4th Cir. 1988).*

9. As set forth below, the delay in processing the Plaintiff’s properly filed application for adjustment of status is unreasonable.

10. Jurisdiction of the Court is predicated upon *28 USC §§1331 and 1346(a)(2)* in that the matter in controversy arises under the Constitution and laws of the United States, and the United States is a Defendant. This Court also has jurisdiction over the present action pursuant to *28 USC §2201*, the Declaratory Judgment Act; *5 USC §702*, the Administrative Procedures Act; and *28 USC §1361*, regarding an action to compel an officer of the United States to perform his or her duty.

## III. VENUE

11. Venue is proper under *28 U.S.C. § 1391(e)*, because this is an action against officers and agencies of the United States in their official capacities, brought in the district where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred.

12. The Defendant Francis Cissna is sued in his official capacity as Director of USCIS, a United States federal agency and resident in this district.

13. The Defendant Kevin McAleenan is sued in his official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"), a United States federal agency.

14. The Defendant Michael Klinger is sued in his official capacity as Director of the USCIS Detroit Service Center. The Detroit Service Center is charged with the administration of the Immigration and Nationality Act and the adjudication of petitions filed in the Detroit area. Plaintiff's I-485 petition is pending at the Detroit Service Center.

15. National policy regarding adjudication of applications for immigration benefits is governed by the DHS and implemented by USCIS, venue is proper in this district.

16. Venue is proper in this District under *28 USC §1391(e)*, because a substantial part of the events and omissions giving rise to the claim occurred in this district, and because Defendants operate within this district.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiff is owed a duty to have her application filed with USCIS, to adjust status adjudicated. Defendants have unreasonably delayed and failed to adjudicate the Plaintiff's application for more than 4 years. The Plaintiff has no other adequate remedy

available for the harm she seeks to address, which is the failure of USCIS to process her application in a timely manner.

## V. SUMMARY OF FACTS

18. Plaintiff filed an application to adjust status with USCIS on August 14, 2014. See attached Exhibit "A". She appeared before United States Citizenship and Immigration Services for an Initial Interview on October 13, 2015 to adjudicate her I-485 application to adjust status.

19. Plaintiff appeared at the interview and was told by the interviewing officer that she would be recommended for approval.

20. The interviewing Immigration Officer, advised that he was taking the file to be signed off by the attending supervisor. This was standard procedure. Upon his return, the officer advised that Plaintiff needed to file Form I-601, Waiver for Grounds of Inadmissibility in order to process the adjustment of status application. He went on to state that the adjustment application would be approved upon approval of the I-601.

21. Plaintiff, immediately following the interview, filed the application I-601, Appliation for waiver of grounds of inadmissibility. Attached and marked Exhibit "C" is a copy of the receipt notice, bearing the receipt number MSC-16-901-98255 evidencing the application was received by USCIS on November 16, 2015 and <u>approved</u> by USCIS, on July 29, 2016.

22. Nearly three years have passed since the I-601 was approved and Plaintiff has not receied any decision on her initial application. She has made numerous written, telephonic and in-person status inquiries with USCIS over the past three years and has been repeatedly

advised that her I-485 application is been pending. Attached and marked Exhibit "D" are proofs thereof.

**ARGUMENT**

23. Ms. Arteaga is prejudiced by the undue delay in the processing of this petition. USCIS has acted in bad faith in refusing to adjudicate the adjustment application in a timely manner. USCIS knows that because of its failure to adjudicate the I-485 petition, Ms. Arteaga is unable to do the things she wants to do.

24. Defendants' failure to adjudicate and approve Plaintiffs' I-485 petition constitutes an unreasonable failure to act in violation of the Administrative Procedures Act and denies Plaintiffs due process and equal protection of the laws guaranteed by the Fifth Amendment of the United States Constitution.

25. The Defendant USCIS has unreasonably failed to issue a final decision on Plaintiff's application for adjustment of status. As more than 4 years have elapsed since the Plaintiff filed her application to adjust status, she respectfully requests that this Honorable Court to instruct USCIS to release the case from hold and adjudicate the I-485 application without further delay.

**RELIEF**

A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002)*; Citizens for Ethics and Responsibility in *Wash. v. Cheney, 593 F. Supp. 2d 194, 219 (D.D.C. 2009)*; *see also Liu, 509 F. Supp. 2d at 10* (holding, in mandamus suit alleging unreasonable agency delay, that ""the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay

unreasonably in making that choice"") (quoting *Sierra Club v. Thomas, 828 F.3d 783, 794 (D.C. Cir. 1987)*); *Aslam, 531 F. Supp. 2d at 743* ("The Court concludes that CIS has a legal obligation to adjudicate Aslam's petition within a reasonable period of time."). The Plaintiff clearly meets all three of these criteria. The Plaintiff has fully complied with all of the statutory and regulatory requirements for seeking adjustment of status, including submission of all necessary forms and supporting documents. The Defendant USCIS has unreasonably failed to adjudicate the Plaintiff's application to adjust status for over 4 years, thereby depriving the Plaintiff of her rights under *INA § 209, 8 U.S.C.* § 1159. Pursuant to *5 U.S.C. §§ 555(b)* and *702 (APA)*, "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." The Defendants owe the Plaintiff a duty to adjudicate her adjustment of status application, pursuant to the INA and its implementing regulations, and have unreasonably failed to perform that duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 761 (D.C. Cir. 1997)* (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). The Plaintiff has no alternative means to obtain adjudication of her I-485 adjustment application and her right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988);* see also *Power, 292 F.3d at 784; Matter of Sealed Case, 151 F.3d at 1063* (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist); *Liberty Fund, Inc., 394 F. Supp. 2d at 114*. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club, 828 F.3d at 794* ("regardless of what course it chooses, the agency is under a

duty not to delay unreasonably in making that choice"); *Northern States Power, 128 F.3d at 760* ("Given DOE's repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu, 509 F. Supp. 2d at 9-10* (holding that the APA requires the government to act within a reasonable period of time). The Plaintiff has already waited more than 4 years for adjudication of her pending I-485 application, well beyond the agency's own published processing timeframe for such applications. This is an unacceptable and unreasonable delay. The Plaintiff is entitled to action on her long-pending adjustment of status application, because an unreasonable amount of time has passed since her application was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff. Defendants" delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant the following relief:

1. Compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's I-485 Application to Adjust Status without further delay and no later than 60 days from the date of the filing of this complaint;

2. Grant attorney's fees and costs of court to the Plaintiff under the Equal Access to Justice Act ("EAJA");

3. Grant such other and further relief as this Court deems proper.

Respectfully Submitted,

Dated: April 12, 2019

__/Dalia R. Kejbou/_______
Dalia Rasha Kejbou (P63428)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN AT DETROIT**

| | | |
|---|---|---|
| MARIA CONTRERAS ARTEAGA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN McALEENAN, SECRETARY OF UNITED STATES DEPARTMENT OF HOMELAND SECURITY; LEE FRANCIS CISSNA, ACTING DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; MICHAEL KLINGER, FIELD OFFICE DIRECTOR OF DETROIT SERVICE CENTER, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; U.S. DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendants. | ) | A# 096-535-924 |

**EXHIBITS**

A. I-485 Receipt Notice
B. I-130 Receipt Notice
C. I-601 Receipt Notice
D. Communicatins to USCIS